**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| JERMAINE SCOTT,<br>Plaintiff,<br>v.<br>MICHAEL, et al.,<br>Defendants. | CAUSE NO. 3:25-CV-340-TLS-AZ |

**OPINION AND ORDER**

Jermaine Scott, a prisoner without a lawyer, filed an amended complaint alleging that prison officials refused to replace his crutches. ECF 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Scott alleges that on February 5, 2025, defendant Officer Wolters falsely informed defendant Nurse Michael that Scott's crutches broke during a fight with his cellmate and Michael should not replace Scott's crutches. ECF 10 at 2. Based on this instruction, Michael refused to provide Scott with new crutches. Scott claims that he cannot walk without crutches or a cane. He alleges that Wolters violated the Eighth Amendment by interfering with his medical treatment and Michael violated the Eighth Amendment by demonstrating deliberate indifference to Scott's medical need.

An Eighth Amendment claim must allege a deprivation that is "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (cleaned up). "[A] prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* (cleaned up). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Scott's amended complaint does not allege an Eighth Amendment violation. He has not alleged facts from which this court could infer that defendants' actions denied him the "minimal civilized measure of life's necessities." *See id.* He does not allege how long he was without crutches or what – if anything – he was unable to do because he did not have crutches. He has not identified any way in which defendants' actions impacted him, and therefore he has not alleged an "objectively, sufficiently serious" deprivation. *See id.*; *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012) (affirming district court's dismissal of Eighth Amendment claim related to prison's lack of mobility aids; inmate did not demonstrate the lack of aids deprived him of life's necessities).

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit

the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

The amended complaint does not state a claim for which relief can be granted. If Scott believes he can state a claim based on (and consistent with) the events described in this complaint, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Jermaine Scott until **December 3, 2026**, to file a second amended complaint; and

(2) CAUTIONS Jermaine Scott if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 2, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT